Filed 5/6/25  P. v. Estrada CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>WESLEY GERARDO ESTRADA,<br><br>    Defendant and Appellant. | G063496<br><br>(Super. Ct. No. 18NF2612)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Robert A. Knox, Judge. Affirmed in part, reversed in part, and remanded.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and Monique Myers, Deputy Attorneys General, for Plaintiff and Respondent.

Wesley Gerardo Estrada challenges his sentence for multiple sex offenses against children. He contends the trial court wrongly imposed a consecutive sentence on count 8 because nothing showed it was committed on a separate occasion from another offense. We conclude the court permissibly found that count 8 occurred on a separate occasion, rendering a consecutive sentence mandatory.

Although Estrada attacks only the sentence on count 8, we address an error identified by the Attorney General regarding count 7. We agree with the Attorney General that the trial court improperly imposed a one-strike sentence on count 7 despite finding that it occurred during the same incident as another count that already received a one-strike sentence. Thus, we reverse the sentence on count 7 and remand for resentencing.

FACTS

The Orange County District Attorney's Office charged Estrada with numerous sex offenses against children. Three charges pertained to victim M.E.: aggravated sexual assault of a child by rape (Pen. Code, § 269, subd. (a)(1);[1] count 6) and two counts of forcible lewd act on a child (§ 288, subd. (b)(1); counts 7 & 8). The information did not allege specific dates for these three counts.

At trial, M.E. testified that in 2001, when she was 11 years old, M.E. and her father moved into a house with Estrada and others. One night, after having gone to sleep in her bedroom, she awoke to find herself lying on the garage floor, with Estrada on top of her. Estrada proceeded to rape her, while also putting his fingers in her vagina and fondling her breasts.

---

[1] All statutory references are to the Penal Code.

2

Following the garage incident, Estrada continued to assault M.E. repeatedly over the next couple of months. M.E. would wake up at night in her bed to Estrada touching her vagina and breasts. In several of these incidents, Estrada raped M.E. On one occasion, M.E. went to sleep in her bedroom and awoke in an adjacent bedroom, where Estrada then raped her.

During closing arguments, the prosecutor highlighted the garage incident and the rape in the adjacent bedroom. He argued: "[I]f you believe both of them happened beyond a reasonable doubt, [Estrada]'s guilty [of counts 6 through 8]. If you all believe one of them, . . . then he's guilty. You just all have to agree on one or both." The prosecutor recounted that during the garage incident, Estrada touched M.E.'s breasts and placed his fingers in her vagina. He asserted this constituted the offense of forcible lewd act on a child for purposes of counts 7 and 8, "one for her breasts, and one for her vagina."

After deliberations, the jury found Estrada guilty as charged. The verdicts did not indicate which incident supported which count.

The trial court sentenced Estrada to a total prison term of 90 years to life, plus nine years. This included a one-strike sentence of 15 years to life on count 6 under section 667.61, subdivision (b), and a similar consecutive term on count 8, which the court concluded was "independent of the other crimes." The court imposed a similar concurrent term on count 7, concluding it was committed "during the same incident as Counts 6 and 8."

DISCUSSION

Estrada claims the trial court erred by imposing a consecutive sentence on count 8 because he committed that offense on the same occasion as the offense in count 6, during the garage incident. We disagree and conclude that the court's findings required a consecutive sentence on count 8.

Section 667.61, subdivision (i), mandates consecutive sentences for qualifying offenses—including rape and forcible lewd act on a child—committed against the same victim on separate occasions.[2]

The trial court found that count 8 was "independent of the other crimes," meaning it was not committed on the same occasion as count 6.[3] The court had the authority to make this finding on its own, without a jury. (*People v. Catarino* (2023) 14 Cal.5th 748, 750, 753–754.) And the evidence supported it: M.E. testified that Estrada raped and molested her multiple times—both in her bedroom and in another bedroom—separate from the garage incident. This evidence permitted a finding that counts 6 and 8 pertained to separate incidents.

The record does not support Estrada's claim that a consecutive sentence was improper because the prosecutor's closing argument established that counts 6, 7, and 8 all pertained to the garage incident. Although the prosecutor argued the garage incident alone could satisfy all three counts, he also identified the rape in the adjacent bedroom as an alternative basis for conviction on all three counts. So the prosecutor's arguments supported—rather than contradicted—the court's finding that count 8 could have occurred on a separate occasion.

---

[2] At the time of Estrada's crimes, former section 667.6, subdivision (d), contained a similar mandate.

[3] As noted, the trial court also said count 7 was committed "during the same incident as Counts 6 and 8." But based on the court's sentencing decisions—imposing consecutive sentences on counts 6 and 8 but a concurrent sentence on count 7—we interpret the court as finding that count 7 occurred during the same incident as either count 6 or count 8, not both.

Nor does it support Estrada's claim that count 8 (lewd act) could not have pertained to a separate incident from count 6 (rape). First, the rape in the adjacent bedroom inherently involved a lewd act. (See *People v. Lopez* (2010) 185 Cal.App.4th 1220, 1232 ["'*any* touching of an underage child is "lewd or lascivious" within the meaning of section 288 where it is committed for the purpose of sexual arousal'"].) Second, M.E. testified to multiple molestation incidents, some including rape and others not. Either type of incident could support count 8. The prosecutor's focus on rape incidents did not constrain the jury or the trial court from considering other molestation incidents to which M.E. testified. (*People v. Perez* (1992) 2 Cal.4th 1117, 1126 [prosecutor's argument is not evidence; jury may consider other theories].) Because the court permissibly found that Estrada committed count 8 on a separate occasion, it properly imposed a consecutive sentence on it. (§ 667.61, subd. (i).)

On the other hand, the Attorney General concedes the trial court erred by imposing a one-strike sentence on count 7, given its finding that it did not relate to a separate incident. We accept the concession.

At the time of Estrada's offenses, former section 667.61, subdivision (g), provided that a one-strike sentence under that section "shall be imposed on the defendant once for any offense or offenses committed against a single victim during a single occasion."[4] As noted, the trial court found that count 7 occurred "during the same incident" as count 6 or 8. Thus, once the court imposed one-strike sentences on counts 6 and 8, it was

---

[4] The Legislature removed former subdivision (g) from section 667.61 in 2006. (Stats. 2006, ch. 337, § 33.) Because Estrada's offenses occurred before this amendment, the former version applies to Estrada under ex post facto principles. (*People v. McVickers* (1992) 4 Cal.4th 81, 84.)

precluded from imposing another one-strike sentence on count 7. Accordingly, Estrada must be resentenced on that count.

DISPOSITION

The sentence on count 7 is reversed and the matter is remanded for resentencing. In all other respects, the judgment is affirmed. Following resentencing, the trial court shall forward certified copies of an amended abstract of judgment to the California Department of Corrections and Rehabilitation.


SCOTT, J.

WE CONCUR:


SANCHEZ, ACTING P. J.


DELANEY, J.